ALBERT A. KEENE and another, *vs.* ALBERT G. SAGE.

Knox.   Opinion May 5, 1883.

*Action.   Money had and received.   Demand.*

The defendant as agent for S and M to pay their employees, deducted from the wages of the men the amount due from them severally to the plaintiffs on store account and then retained in his own hands the sums thus deducted, alleging that the plaintiffs were indebted to him to that amount, when in fact they owed him nothing. *Held,* that the plaintiffs were entitled to recover the sums thus retained by the defendant in an action for money had and received, and that it was not necessary to show a demand before bringing the action.

ON EXCEPTIONS.

Assumpsit on account annexed and for money had and received. Writ dated March 7, 1878. The defendant was the superintendent for St. John and Mark who carried on the granite cutting business on Clark's Island, employing many men. The plaintiffs were the store keepers there.

Other material facts are stated in the opinion.

*D. N. Mortland,* for the plaintiffs, cited: *Harmon* v. *Harmon,* 61 Maine, 222; *Hall* v. *Marston,* 17 Mass. 575; *Williams* v. *Williams,* 23 Maine, 17; *Look* v. *Industry,* 51 Maine, 375; *Dill* v. *Wareham,* 7 Met. 438; *Robinson* v. *Williams,* 8 Met. 454; *Alden* v. *Pearson,* 3 Gray, 342; *Lewis* v. *Sawger,* 44 Maine, 337.

*A. P. Gould and J. E. Moore,* for the defendant, cited: *Lewis* v. *Sawyer,* 44 Maine, 332; *Whitton* v. *Whitton,* 38 N. H. 139.

VIRGIN, J.   There is no motion against the verdict. The evidence is not fully reported. A part only of the charge is presented. The case finds that the judge correctly stated the facts

and the positions of the parties.   Nothing is questioned save the correctness of certain rulings.

In the light of the rulings and the finding of the jury, the case is a simple one.   The defendant was the agent of a co-partnership to disburse the money of the firm to laborers in their employment.   The custom of the business required the defendant to reserve out of the funds due to the laborers and to pay to the plaintiffs, so much as the laborers owed them.   The defendant, from the firm's funds in his hands, reserved from the amount due the laborers the sum of $120 as belonging to the plaintiffs; but, instead of paying it to the plaintiffs, or returning it to the firm, appropriated it to his own use, upon the ground that the plaintiffs owed him that sum, when in fact they were not owing him anything.   The book-keeping process was this : The defendant, as agent of the firm, in possession of its books and funds, credited to laborers $120 for labor performed.   He then charged to laborers $120 as money at their instance paid to the plaintiffs. This made the firm's books indicate an indebtedness to the plaintiffs instead of to the laborers.   The defendant then charged the amount as paid to the plaintiffs and credited the sum to himself.   His excuse is that the plaintiffs owed him $120 when it is proved that they owed him nothing.   The case, nakedly stated, is this : A receives money of B to pay to C, and C requests A to pay it to D.   A keeps the money, alleging that D owes him that amount, when in fact D owes him nothing.

It is clear enough that the money equitably belongs to the plaintiffs.   It must be kept in mind that St. John and Mark owed the plaintiffs money that was to go to them through the defendant's hands.   The plaintiffs sold goods to the laborers in the employment of that firm, rendering accounts of sales to the defendant, who, in the books of his principals, charged the laborers and credited the plaintiffs with the amount thereof.   The plaintiffs' counsel contends that the view upon which the rulings were based was too favorable to the defendant, and takes the position that the defendant was the agent of all the parties and that he became liable to the plaintiffs as soon as any money was credited to them which was in his hands.   The plaintiffs contend that the money

was virtually received for them by the defendant from the laborers, and not from St. John and Mark. However that may be, we are well satisfied that the defendant has no cause for complaint. The ground is taken that he had his principals' money and not the plaintiffs'. His principals make no claim to it. They claim that they paid it to the defendant on the plaintiffs' account. When the amount was reserved from the dues of the laborers, it was an appropriation for the plaintiffs. The sum appropriated is traced into the defendant's hands. He retained it, not upon the ground that it was the money of St. John and Mark, but upon the ground that it was the money of the plaintiffs in their hands; money due primarily to the plaintiffs, and secondarily to himself. The finding of the jury, under the instructions given makes this interpretation of the facts inevitable.

The case, clearly enough, falls within the doctrine maintained in *Hall* v. *Marston*, 17 Mass. 575, which has been affirmed and supported in many other cases. An action for " money had and received " is a most liberal action, and may be as comprehensive as a bill in equity. It was held in the case cited that the action may be supported without any privity between the parties, other than created by law, and that the law may create both the privity and the promise. The broad ground is there taken that whenever one man has in his hands money which he ought to pay over to another, he is liable to the action, although he has never seen or heard of the party who has the right to it. This doctrine applies to all cases when no rule of policy or strict law intervenes to prevent. *Freeman* v. *Otis*, 9 Mass. 272 ; *Hills* v. *Bearse*, 9 Allen, 403 ; *Lewis* v. *Sawyer*, 44 Maine, 332.

Was a demand necessary to entitle the plaintiffs to the action? We think not. The money was due to somebody. The defendant could not conscientiously retain it. The firm of St. John and Mark are not entitled to it, unless to pay it to the plaintiffs. The defendant obtained it from his principals for the plaintiffs, or under, at least, an implied undertaking to account with the plaintiffs therefor, and then wrongfully appropriated the same to his own use; thus committing an act of fraud. The case of *Hall* v. *Marston*, *supra*, was exceedingly like this case ; and in

principle not differing from it; and in that case no demand was proved or deemed necessary. This is not a case where there was an uncertainty as to where the money belonged, or whether the plaintiffs would receive it if tendered to them. The defense has been a defiance of the plaintiffs' right. *Calais* v. *Whidden*, 64 Maine, 249.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.